560 APPELLATE COURTS OF ILLINOIS.

Kubiatowski v. Henry Pratt Boiler & Machine Co., 205 Ill. App. 560.

Ignacy Kubiatowski, Appellee, v. Henry Pratt Boiler & Machine Company, Appellant.

Gen. No. 22,876. (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. JAMES S. BAUME, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed May 21, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Ignacy Kubiatowski, plaintiff, against Henry Pratt Boiler & Machine Company, defendant, to recover for personal injuries. From a judgment of $5,000 for plaintiff entered upon a verdict of the jury after a remittitur from such verdict of $3,000, defendant appeals.

W. G. SHOCKEY and C. W. GREENFIELD, for appellant.

S. P. DOUTHART and FRED C. SMITH, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

### Abstract of the Decision.

1. APPEAL AND ERROR, § 1447*—*when elimination of counts from declaration is not reversible error.* A judgment will not be reversed because the trial court eliminated from the declaration counts which served no useful purpose.

2. DAMAGES, § 78*—*when remittitur may not be complained of.* One who voluntarily enters a remittitur cannot complain thereof on appeal.

3. MASTER AND SERVANT, § 682*—*when evidence sufficient to show relation of vice principal.* In an action to recover for personal injuries alleged to have been caused by the negligence of defendant's vice principal, evidence examined and *held* to warrant a finding that the relation was that of vice principal and not that of fellow-servant.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

CHICAGO—FIRST DISTRICT—MAY, 1917.     561

Our Savior N. E. L. C. of C. v. F. I. C. of N., N. J., 205 Ill. App. 561.

4. MASTER AND SERVANT, § 751*—*when contributory negligence of servant is question for jury.* In an action by a servant to recover for personal injuries, the question of contributory negligence *held* to be for the jury.

5. MASTER AND SERVANT, § 701*—*when evidence sufficient to show that contributory negligence of plaintiff is not proximate cause of injury.* In an action by a servant for personal injuries, evidence examined and *held* to support a finding that the plaintiff's negligence was not the proximate cause of the injury.

6. MASTER AND SERVANT, § 683*—*when evidence sufficient to show negligence.* In an action by a servant for personal injuries, evidence examined and *held* to be sufficient to support a finding that defendant was guilty of negligence.

7. EVIDENCE, § 148*—*when exhibition of injured member is not error.* In an action for personal injuries, the exhibition of the injured member to the jury *held* not a ground for reversal.

8. DAMAGES, § 241*—*when verdict for personal injuries not excessive.* Verdict of $8,000 from which a remittitur of $3,000 was made, in an action for personal injuries, *held* not so excessive as to show passion or prejudice.